[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12271
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01600-WSD

DIABATE AMADOU,

                                                            Plaintiff-Appellant,

versus

HAWKINS & PARNELL, LLP,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 20, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Diabate Amadou, proceeding *pro se*, appeals the district court's dismissal of his suit against Hawkins & Parnell, LLP (H&P) for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, Amadou argues the district court erred when it dismissed his complaint alleging defamation, collusion, and document forgery against H&P in connection with a previous suit in the United States District Court for the District of Minnesota.[1] Amadou also asserts H&P improperly denied him a pretrial conference pursuant to Fed. R. Civ. P. 16, and failed to provide one or more documents in discovery, in violation of Fed. R. Civ. P. 26 and 34. After review, we affirm the district court.[2]

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

---

[1] H&P represented J.B. Hunt Transport, Inc. in Amadou's wrongful termination action against the company in the District of Minnesota.

[2] "We review *de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Clark v. Riley*, 595 F.3d 1258, 1264 (11th Cir. 2010) (citation omitted).

Under Minnesota state law,[3] the plaintiff must prove the following to establish a defamation claim: (1) the alleged statements were made; (2) the statements were communicated to someone other than the plaintiff; (3) the statements were false; and (4) the plaintiff's reputation was harmed. *Ferrell v. Cross*, 557 N.W.2d 560, 565 (Minn. 1997). An attorney's statements to the court, even if defamatory, are protected by the litigation privilege. *See Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 306 (Minn. 2007) (holding that "[s]tatements, even if defamatory, may be protected by absolute privilege in a defamation lawsuit if the statement is (1) made by a judge, judicial officer, attorney, or witness; (2) made at a judicial or quasi-judicial proceeding; and (3) the statement at issue is relevant to the subject matter of the litigation").

The district court did err in granting H&P's motion to dismiss. With regard to defamation, Amadou appears to have alleged H&P defamed him by stating Amadou's contract with J.B. Hunt was terminated because he failed a drug test. Amadou does not specify what statements H&P made that he believed defamed him or how he believed that he was injured by the statements. *See Ferrell*, 557

---

[3]Because H&P's alleged act of defamation occurred in Minnesota, Minnesota state law applies here. *See Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1232 (11th Cir. 2004) ("Under the Erie doctrine, a federal court adjudicating state law claims applies the substantive law of the state.")

N.W.2d at 565. Furthermore, the statement would be barred by the litigation privilege because it was made during H&P's representation of J.B. Hunt during a judicial proceeding. *See Mahoney & Hagberg*, 729 N.W.2d at 306.

With regard to his allegation that H&P colluded with the Minnesota district court, Amadou simply alleged in conclusory terms that collusion occurred. Similarly, Amadou provided no factual basis for his allegation that H&P submitted a "fake" document. He did not allege how the document was inaccurate or on what basis he believed the document was "fake." Lastly, we will not consider Amadou's assertions that he was denied a Rule 16 conference or his discovery claims, as those claims were not raised before the district court. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir.2009), *cert. denied*, 130 S. Ct. 1536 (2010) ("It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal."). Accordingly, we affirm the district court's order.

**AFFIRMED.**